**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 04-80638

ANTOUAN DANIELS,

    Defendant.
                                       /

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE
SENTENCE AND MOTION TO APPOINT COUNSEL**

Before the court is Defendant Antouan Daniels's "Motion to Reduce Sentence Pursuant to 18 U.S.C. [§] 3582(c)(2)," and "Motion to Appoint Counsel," both filed March 3, 2008. Having reviewed the briefs in the case, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2).

Defendant pleaded guilty to count one, felon in possession of a firearm, 18 U.S.C. § 922(g)(1); count two, possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1); count three, possession with intent to distribute heroin, 21 U.S.C. § 841 (a)(1); and count four, possession of a firearm in furtherance of drug trafficking crime, 18 U.S.C. 924(c). Following a motion by the Government pursuant to Federal Rule of Criminal Procedure 35(b), this court, in an amended judgment, sentenced Defendant to ten months of imprisonment for counts one, two, and three, to run concurrently, and thirty-six months of imprisonment for count four, to run consecutively to counts one, two, and three. (Am. J. 3, Jan. 29, 2007.)

Defendant now moves this court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that–in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Pursuant to 28 U.S.C. § 994(o), the Sentencing Commission, in Amendment 706, lowered the guidelines for offenses involving crack cocaine. While Defendant's sentence for counts two and three was based upon these guidelines and subject to the change, his sentence for count one was not based upon these guidelines and therefore not subject to the change. Because Defendant's ten-month sentence for each of counts two and three ran concurrently to his ten-month sentence for count one, Defendant's overall sentence is not changed by Amendment 706. Therefore, the court will deny Defendant's motion to reduce sentence. Because the court will deny Defendant's motion to reduce sentence, Defendant's motion to appoint counsel will be rendered moot, and the court will therefore deny it as well. Accordingly,

IT IS ORDERED that Defendant's motion to reduce sentence [Dkt. # 33] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to appoint counsel [Dkt. # 34] is DENIED as moot.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: January 21, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 21, 2009, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522